**IT IS ORDERED as set forth below:**

**Date: July 20, 2020**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **FAITH APOSTOLIC DELIVERANCE CHURCH, INC.,** | **CASE NO.  20-63879-sms** |
| **Debtor.** | |

### ORDER CONFIRMING PLAN

The above-captioned bankruptcy case came before the Court for hearing on July 15, 2020 at 10:30 a.m. (the "Confirmation Hearing") to consider confirmation of the Plan.

On May 27, 2020, Faith Apostolic Deliverance Church, Inc. ("Debtor") filed its "Plan of Reorganization" (Doc. No. 29) (the "Plan of Reorganization"). The Plan of Reorganization was modified on July 9, 2020 pursuant to the "Modification to Plan of Reorganization" (Doc. No. 38). (The Plan of Reorganization as modified is referred to herein as the "Plan").

On June 1, 2020, the Court entered an "Order and Notice of Assignment of Hearing on Confirmation of Plan" (Doc. No. 31) ("Solicitation Order").

At the Confirmation Hearing, Cameron M. McCord appeared on behalf of Debtor. Phillip Floyd was present on behalf of the Debtor. Tamara Ogier appeared as the Subchapter V Trustee. Shawna Staton appeared on behalf of the United States Trustee. Ron C. Bingham, II appeared on behalf of First Citizens Bank & Trust Company.   No party appeared in opposition to the Plan.  No objections to the Plan were filed by the Objection Deadline (as established by the Solicitation Order) or raised at the Confirmation Hearing.   Two amendments were made to the Class 1 treatment of First Citizens: (i) The monthly payment amount of $2,562.10 will begin on September 1, 2020 and such payments will not be applied to the Reduced Payoff, and (ii) To the extent that Debtor has not satisfied the First Citizens Secured Claim by payment of the Reduced Payoff, on the 1st day of the 18th month following the Effective Date, the First Citizens Secured Claim will be due in its entirety.

The Court has taken judicial notice of the entire record in this case including all proofs of claim.

The Court has considered the entire record at the Confirmation Hearing including but not limited to the Plan, Ballot Report, argument of counsel and the evidence proffered at the Confirmation Hearing. Accordingly, the Court has determined:

 (a)     The Debtor timely and properly: (i) filed the Plan (ii) solicited the Plan; and (iii) provided due notice of the Confirmation Hearing to Holders of Claims against Debtor and parties in interest, all in compliance with the Bankruptcy Code, Local Rules and Solicitation Order;

 (b)     The Debtor filed the Ballot Certification and Summary of the Voting on Debtor's Plan ("Ballot Report") (Doc. No. 41) describing the results of voting with respect to the Plan;

(c)     The notice provided regarding the Confirmation Hearing and opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate and no further notice was required;

(f)     The legal and factual bases set forth at the Confirmation Hearing and in the entire record in this Case establish just cause for the relief granted at the Confirmation Hearing.

(g)     After due deliberation and good and sufficient cause appearing therefor, and based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Confirmation Hearing, and further based upon the entire record in this case, the Plan should be confirmed, and further based upon the following determinations by the Court:

1.     The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (L), and (O). The Court has jurisdiction to enter a Final Order with respect thereto. Debtor is eligible to be a debtor under § 109 of the Bankruptcy Code and eligible to proceed under Subchapter V of Title 11 under §§ 101(51D) and 1182.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     Following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, as evidenced by Certificate of Service (Doc. No. 32), Debtor effectuated filing and service on all Creditors, Holders of Claims and parties in interest of the Solicitation Order containing notice of the Confirmation Hearing and relevant deadlines and a ballot for voting on the Plan (collectively the "Solicitation Materials").

3.     As described in the Solicitation Order and Certificate of Service (a) service of the Solicitation Materials was adequate and sufficient under the circumstances and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and

matters described in the Solicitation Order: (i) was timely and properly provided; and (ii) provided due process and opportunity to appear and be heard to all parties in interest.  Because the foregoing transmittals, notice and service were adequate and sufficient, no other or further notice is necessary or shall be required.

4.      Debtor and Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

5.      Debtor, as proponent of the Plan, has met its burden of proving the elements of section 1191(a) of the Bankruptcy Code and established, upon the unopposed proffer of evidence and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtor's Plan satisfies the requirements of § 1191(a) of the Bankruptcy Code.

6.      As evidenced by the Ballot Report and submissions at the Confirmation Hearing, all impaired classes of claims, determined without including any acceptance by an insider of Debtor, voted to accept the Plan.  Specifically, the following classes voted to accept the Plan: the Secured Claim of First Citizens Bank & Trust Company (Class 1).

7.      The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation the treatment of priority claims and secured claims.

Accordingly, it is hereby

**ORDERED** that the foregoing determinations including those enumerated in Paragraphs 1 through 7 above are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further

**ORDERED** that the Plan is ***confirmed*** pursuant to 11 U.S.C. § 1191(a).  All provisions of the Plan shall bind Debtor, entities receiving property under the Plan, and creditors whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan. It is further

**ORDERED** that, notwithstanding anything in the Plan or in this Confirmation Order, governmental units, as defined in 11 U.S.C. § 101(27), shall have 180 days from the date this case was filed (March 3, 2020) to file a proof of claim as set forth in the Notice of Chapter 11 Bankruptcy Case issued in this case (Doc. No. 6). It is further

**ORDERED** that Tamara M. Ogier shall be discharged from her obligations and duties as the Subchapter V Trustee in this case pursuant to § 1183(c)(1) and Section 5.2 of the Plan upon the filling by the Debtor of a notice of substantial consummation of the Plan as required under § 1183(c)(2). It is further

**ORDERED** that all persons are permanently enjoined from commencing or continuing any action, employing any process, or acting to collect, offset, or recover any claim or cause of action that such person may have had at the date of the filing of Debtor's Chapter 11 petition against Debtor or its property except as provided for in the Plan.  It is further

**ORDERED** that Debtor is granted a discharge pursuant to section 1141(d) of the Bankruptcy Code, and without limitation, except as otherwise specifically provided in this Confirmation Order, the distributions and rights that are provided in the Plan shall be in complete satisfaction and release of: (1) all claims and causes of action whether known or unknown, (2) liabilities of, (3) liens on, (4) obligations of, or (5) rights against Debtor, its assets or its Estate that arose prior to the entry of this Confirmation Order.

**[End of Order]**

**Prepared and Presented By:**
**JONES & WALDEN LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No.143065
Counsel for Debtor
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
cmccord@joneswalden.com

**Consented To By:**

**OGIER, ROTHSCHILD & ROSENFELD, P.C.**
*/s/ Tamara M. Ogier*
Tamara M. Ogier
Georgia Bar No. 550355
P.O. Box 1547
Atlanta, GA 30031
(404) 525-4000
tmo@orratl.com
*Subchapter V Trustee*

**Consented To By:**

**ADAMS & REESE LLP**
*/s/ Ron C. Bingham, II*
Ron C. Bingham, II
Georgia Bar No. 057240
3424 Peachtree Road NE, Suite 1600
Atlanta, GA 30326
(470)427-3700
Ron.Bingham@arlaw.com
*Counsel for First Citizens Bank & Trust Company*

**No Opposition By:**

NANCY J. GARGULA,
UNITED STATES TRUSTEE REGION 21

*/s/ Shawna P. Staton*
Shawna P. Staton
Georgia Bar No. 640220
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404)331-4437
Shawna.P.Staton@usdoj.gov

**Distribution List:**

All parties on the mailing matrix